IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **LEUMI GEMEL LTD.**, | * | |
| | * | |
| Plaintiffs | * | |
| | * | |
| v. | * | Case No. RWT 04-CV-3380 |
| | * | |
| **ECTel LTD. ET AL** , | * | |
| | * | |
| Defendants. | * | |

## MEMORANDUM OPINION

On July 17, 2006, this Court held a hearing on the Defendants' Motion to Dismiss. Concluding that the Defendants lacked the scienter required by the Securities Laws under which the Defendants had been sued, the Court granted the Defendants' Motion to Dismiss. Subsequently, on August 1, 2006, the Plaintiffs filed a Motion for Reconsideration under Rule 59 of the Federal Rules of Civil Procedure. For the following reasons, the Plaintiffs' Motion will be denied by separate order.

Plaintiffs claim in their Motion for Reconsideration that the case should be re-opened because they can now prove the requisite element of scienter based on "new evidence." Plaintiffs have filed lengthy exhibits with the Court to support their claims. The sheer volume of paper, however, is insufficient to overcome the deficiencies with the Plaintiffs' "new evidence." Under Rule 59(e), if a plaintiff bases its Motion on "new evidence," the evidence submitted in support of the motion must actually be new, that is, "the moving party must have been excusably ignorant of the facts despite using due diligence to learn about them." Wright & Miller, 11 Fed. Prac. & Pro. Civ. 2d § 2808 (2006). Additionally, "[n]ewly discovered evidence must be admissible and probably effective to change the result... [n]ewly discovered evidence that would merely affect the weight and credibility of the evidence ordinarily is insufficient... as is evidence that is cumulative

of evidence already offered." Id.  After a review of the exhibits, the Court concludes that the Plaintiffs' Motion fails because all of the evidence Plaintiffs have submitted falls into one of two categories: (1) it was obtainable through due diligence at or before the time of the July 17, 2006 hearing, or (2) it would be inadmissible at trial under the Federal Rules of Evidence.

All of the "new evidence" that the Plaintiffs have submitted to the Court is through affidavits of the Plaintiffs' lawyers.  Plaintiffs place great weight on the hearsay statements of a so-called newly-discovered confidential witness ("CW 7").  However, Plaintiffs do not include an affidavit from CW 7, nor any other proof that this person exists.  Plaintiffs have not provided any additional evidence that CW 7 made the statements alleged to have been made to Mr. Sabo, one of the Plaintiffs' lawyers.[1]  The alleged statements made to Mr. Sabo by CW 7 would be inadmissible as hearsay under the Federal Rules of Evidence.

In addition to problems of admissibility, all of the evidence submitted by the Plaintiffs with the exception of the alleged statements by CW-7 would have been discoverable by the Plaintiffs' counsel had they exercised due diligence in preparing for the July 17, 2006 hearing.  For example, the affidavit of Mr. Glancy, one of the Plaintiffs' lawyers, submitted as an attachment to the Plaintiffs' Motion states that the documents he attached as exhibits to his affidavit were received in the Fall of 2005.  Similarly, the Plaintiffs have submitted accounting and audit enforcement releases from the Securities and Exchange Commission dated May 15, 2001 and January 13, 2003, case law from 1983, 1986, 2002 and 2003, a Department of Justice release from  2003, two unrelated Grand

---

[1] Plaintiffs offered to have an in camera review of emails "to confirm Plaintiffs' counsel's description of the events." Plaintiff's Memorandum of Law in Support of Motion for Relief from Judgment at 1.  This offer is insufficient to satisfy the burden under Rule 59.  If such emails exist, they should have been submitted to the Court with the Plaintiffs' Motion.  If concerned with confidentiality, plaintiffs could have submitted these emails under seal, or submitted redacted versions of the emails.  Without additional evidence, the Court cannot infer that these emails exist, or that their content is sufficient to demonstrate that the Defendants had the requisite scienter for securities fraud.

Jury indictments from 1983 and 2001, and a copy of a brief that the Plaintiffs apparently filed in another securities class action suit filed against another company in July, 2006. Putting aside the issue of the relevancy of these exhibits, given these dates, this evidence was available to the Plaintiffs for the July 17, 2006 hearing. Thus the purported "new" evidence is hardly "new." The lawyers had a duty to diligently search for the evidence prior to the July 17, 2006 hearing and have not provided the Court with a sufficient explanation as to why the information, aside from the inadmissible hearsay statements of CW-7, was unavailable for the July hearing.

On the whole, Plaintiffs "new evidence" is too little, too late. Further, Plaintiffs appear to be using their Motion for Reconsideration to re-litigate the very issues the Court addressed last July through their motion. This is not the purpose of a Rule 59(e) Motion. The Plaintiffs have failed to provide any new evidence that qualifies under Rule 59(e), and have failed to demonstrate through their submissions that the Defendants had the requisite level of scienter required by the Fourth Circuit during the class period. In re PEC Solutions, Inc., 418 F.3d 379, 389 (4th Cir. 2005); In re Acterna Corp., 378 F. Supp. 2d 561, 570-71 (D. Md. 2005).

Accordingly, the Plaintiffs' Motion will be denied by separate order.

DATE: 3/6/07

/s/
ROGER W. TITUS
UNITED STATES DISTRICT JUDGE